# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

        v.                       **Case No. 15-CV-665**

ABEL SANTOS, d/b/a
LA CARRETA VIEJA,

        Defendant.

---

## DECISION AND ORDER

---

In June 2015 plaintiff J & J Sports Productions Inc. filed a complaint alleging that defendant Abel Santos, the owner of the bar La Carreta Vieja, unlawfully intercepted a satellite broadcast of a boxing match, *Manny Pacquiao v. Juan Manuel Marquez, IV Welterweight Fight Program*, ("*Pacquiao-Marquez IV*"). (ECF No. 1.) The parties consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 19.) The parties subsequently stipulated that Santos is liable to J & J under 47 U.S.C. § 605 and that J & J is entitled to recover actual or statutory damages "not less than $1,000 or more than $10,000 as the court considers just." (ECF No. 18.) The parties filed simultaneous briefs and

simultaneous responses setting forth their respective positions on the amount of damages that should be awarded. (ECF Nos. 22, 23, 24, 25.)

## BACKGROUND

The following uncontested facts are from the complaint, affidavits submitted by the parties, and the parties' stipulation.

Santos's nephew rented an apartment in a building adjacent to La Carreta Vieja. (ECF No. 23-1, ¶ 9.) A satellite technician installed a satellite dish at the nephew's apartment and agreed to connect the service to La Carreta Vieja, allowing them to share an account. (ECF No. 23-1, ¶ 9.) In December 2012 Santos's nephew informed Santos that he had purchased the *Pacquiao-Marquez IV* pay-per-view boxing match. (ECF No. 23-1, ¶ 12.) Via the joint satellite service, Santos intentionally showed the fight in La Carreta Vieja. (ECF No. 23-1, ¶ 12.) Although he neither advertised the fight nor solicited a cover charge, he estimates that La Carreta Vieja received an additional $500 in revenue that night. (ECF No. 23-1, ¶ 12.)

The parties stipulated that J & J was granted the exclusive rights to distribute *Pacquiao-Marquez IV*, broadcasted on December 8, 2012. (ECF No. 18, ¶ 1.) J & J in turn entered into sublicensing agreements with establishments, such as La Carreta Vieja, to display the broadcast to their patrons. (ECF No. 1, ¶ 11.) Santos failed to pay J & J for the showing the fight. (ECF No. 18, ¶ 2.) The rate charged by J & J to show the fight at a commercial establishment with a maximum capacity of less than 100 people, like La

Carreta Vieja, was $2,200. (ECF No. 18, ¶ 2.) In June 2015 J & J filed a complaint against Santos for intercepting and displaying an encrypted satellite signal. (ECF No. 1.)

## ANALYSIS

The governing statute, 47 U.S.C. § 605, prohibits intercepting communications travelling by satellite. 47 U.S.C. § 605. A party entitled to relief under the Act may elect actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i). J & J has elected statutory damages. (*See* ECF No. 22 at 1.) The statute allows an award of statutory damages between $1,000 and $10,000, at the court's discretion. 47 U.S.C. § 605(e)(3)(C)(i)(II). If, however, the defendant "willfully" violated the statute and did so for the purpose of financial gain, then the court may enhance the amount of damages up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). An aggrieved party is also entitled to attorney's fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii).

Santos asks that the court award the minimum amount of statutory damages, $1,000, because he acted under the mistaken belief that his nephew's residential license allowed him to show the fight in his commercial establishment. J & J seeks $2,200 in statutory damages, an amount that coincides with the commercial rate it charged to establishments similar to La Carreta Vieja. (ECF No. 18, ¶ 3.) J & J also seeks enhanced damages of $6,600 "due to the willful violation" of the law by Santos. (ECF No. 22 at 2.)

Courts have adopted the amount a distributor would have charged the commercial establishment as a benchmark for statutory damages. *J & J Sports Prods., Inc.*

*v. El Canaveral LLC*, No. 13-CV-1384-JPS, 2014 WL 580779, at *3 (E.D. Wis. Feb. 14, 2014);

*J & J Sports Prods., Inc. v. Angulo*, 780 F. Supp. 2d 696, 699 (N.D. Ill. 2011). This court

finds that an award of $2,200 is reasonable here and awards that amount to J & J.

The enhanced damages J & J seeks is another story. A plaintiff is entitled to

enhanced damages under 47 U.S.C. § 605 when the defendant willfully violated the

statute and did so for the purposes of direct or indirect financial gain. 47 U.S.C.

§ 605(e)(3)(C)(ii). "'Willful' as used in these statutes means a 'disregard for the

governing statute and an indifference for its requirements.'" *J & J Sports Prods., Inc. v.*

*Sangria's Mexican Grill 2 LLC*, No. 15-C-0656, 2015 WL 5824900, at *2 (E.D. Wis. Oct. 6,

2015) (quoting *Kingvision Pay–Per–View, Ltd. v. Scott E'S Pub., Inc.*, 146 F.Supp.2d 955,

959 (E.D. Wis. 2001)); *see also J&J Sports Prods., Inc. v. Dabrowski*, No. 13 C 5931, 2015 WL

9304347, at *7 (N.D. Ill. Dec. 22, 2015).

Santos says that he believed his showing of the fight was authorized by virtue of

the fee that his nephew paid. Nothing in the record demonstrates otherwise—that is,

that Santos willfully violated the statute. The parties' stipulation, for example, does not

establish that Santos's conduct was willful. (*See* ECF No. 18.) Nor does the affidavit of J

& J's investigator. (*See* ECF No. 22-1.) It's J & J burden to prove damages. *See Garden City*

*Boxing Club, Inc. v. Extasis Corp.*, No. 07CV3853(NGG)(CLP), 2008 WL 3049905, at *5

(E.D.N.Y. Aug. 1, 2008) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973

F.2d 155, 158 (2d Cir. 1992)); *see also J & J Sports Prods., Inc. v. Homestyle Rest. Grp. LLC*,

No. 13-CV-506, 2014 WL 4072132, at *4 (E.D. Wis. Aug. 15, 2014). Because J & J has failed

to demonstrate that Santos willfully violated 47 U.S.C. § 605, the court will not enhance

the statutory damages award.

J & J is entitled to attorneys' fees and costs. The governing statute mandates that

"[t]he court direct the recovery of full costs, including awarding reasonable attorneys'

fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Counsel for J & J

estimates devoting seven hours at a rate of $250 per hour, plus $420 in fees, for a total of

$2,170. (ECF No. 22 at 2.) Santos does not challenge these amounts nor does the court

find them unreasonable. Therefore, J & J will be awarded $2,170 in attorneys' fees and

costs.

**IT IS THEREFORE ORDERED** that the defendants, jointly and severally, shall

pay to the plaintiff the total amount of **$4,370.00**, consisting of $2,200.00 in damages,

$1,750.00 in attorneys' fees and $420.00 in costs.

**IT IS FURTHER ORDERED** that this action is **dismissed with prejudice**. The

clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of April, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge